IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

RONALD R. SCIORTINO                                                    PLAINTIFF

V.                                            CIVIL ACTION NO. 2:12cv15-KS-JMR

USAA CASUALTY INSURANCE COMPANY                                       DEFENDANT

## OPINION AND ORDER

This matter is before the Court on the Plaintiff Ronald R. Sciortino's Motion in Limine/Objection ("Motion in Limine") [28] and the Defendant USAA Casualty Insurance Company's Motion to Strike Plaintiff's Late Designation of Expert ("Motion to Strike") [31]. For the reasons stated below, the Court finds that both motions should be denied.

This action concerns a dispute between an insured, Plaintiff Ronald R. Sciortino, and an insurer, Defendant USAA Casualty Insurance Company ("USAA"), regarding a property damage claim purportedly resulting from a burst water pipe at Plaintiff's residence in Lawrence County, Mississippi. On November 23, 2011, Plaintiff filed suit against USAA in the Circuit Court of Lawrence County, Mississippi, alleging claims of breach of contract and breach of the duty of good faith and fair dealing. Plaintiff principally contends that USAA undervalued his covered losses and paid him an inadequate sum for the losses. On January 31, 2012, USAA removed the proceeding to this Court on the basis of diversity of citizenship jurisdiction under Title 28 U.S.C. § 1332. (*See* Notice of Removal [1].) The pretrial conference in this case was held on March 11, 2013.

**1. Motion in Limine [28]**

The United States Court of Appeals for the Fifth Circuit has provided the

following guidance:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted). Further, the Jackson Division of this Court and numerous other federal courts have found "that motions *in limine* may be used to secure a pretrial ruling that certain evidence is admissible." *Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, No. 3:11cv58, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012) (citing cases).

Plaintiff contends that USAA should be prohibited from introducing evidence of, or making any reference to a property damage claim made by the Plaintiff against USAA approximately ten months prior to the claim at issue in this lawsuit. The claim at issue in Plaintiff's complaint concerns property damage occurring on November 25, 2008. Plaintiff also apparently suffered property damage on March 7, 2008, and his claim with USAA for such damage "has been settled." (Pl.'s Mot. in Limine [28] at p.1.) Plaintiff argues that allowing the jury to consider the March 7 claim along with the November 25 claim would result in jury confusion with respect to the amount of money that is due from USAA in this lawsuit. Plaintiff also argues that the March 7 claim has no probative value and that any reference to it would result in undue prejudice.

USAA opposes the Motion in Limine [28] and contends that the March 7 claim is relevant to this case. According to USAA, the March 7 and November 25 claims both concern water damage to Plaintiff's residence resulting from a defective water heater.

Plaintiff allegedly did not repair the water heater or the affected rooms after the March 7 leak, and the November 25 leak purportedly "re-damaged to a greater extent the same area damaged in the first claim for which payment has been made." (Def.'s Resp. [30] at ¶ 5.) In essence, USAA asserts that the jury must be made aware of the damage and payments resulting from the March 7 claim in order for it to make an informed and proper decision as to damages in this cause.

The Court is not convinced that USAA offering evidence of, or merely alluding to the March 7 claim would be so highly prejudicial to the Plaintiff that a timely motion to strike or jury instruction could not alleviate any prejudicial effect. *See O'Rear*, 554 F.2d at 1306 n.1. Moreover, the March 7 claim may be relevant to the November 25 claim since both claims apparently concern water leaking from the same hot water heater and damaging the same areas of the subject property. The Plaintiff's alleged failure to repair the subject water heater or to make repairs to the damaged rooms after the March 7 incident may therefore support a failure to mitigate damages defense. Thus, the Motion in Limine [28] will be denied without prejudice to the Plaintiff making specific objections at trial regarding the jury hearing evidence of the March 7 incident.

### 2. Motion to Strike [31]

USAA seeks to strike as untimely Plaintiff's designation of his expert witness, Joseph C. Lusher, as an expert in wood working and furniture building. At the pretrial conference in this action, Plaintiff's counsel indicated that Mr. Lusher would not be called as an expert in these fields and that any prior indication that Mr. Lusher would be called to testify on these issues was made inadvertently. Thus, the Motion to Strike [31] will be denied as moot without prejudice to USAA's ability to revisit this issue should Mr.

Lusher be asked to testify beyond the scope of his initial expert designation.

IT IS THEREFORE ORDERED AND ADJUDGED that both the Motion in Limine [28] and the Motion to Strike [31] are denied without prejudice.

SO ORDERED AND ADJUDGED this the 11th day of March, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE